UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>           Plaintiff,    )<br>                              )<br>     v.                           )<br>                              )<br>JASON MUSSELMAN,        )<br>           Defendant.   ) | Case No. 22-CR-10009-JES-JEH |

**ORDER AND OPINION**

This matter is now before the Court on Defendant's Motion (Doc. 34) to Withdraw Plea of Guilty and the United States' Response (Doc. 35). For the following reasons, Defendant's Motion is DENIED.

**Background**

Defendant Jason Musselman was charged by a seven-count indictment on March 15, 2022. Doc. 11. This included five counts of Production of Child Pornography (Counts 1-5), one count of Distribution of Child Pornography (Count 6), and one count of Possession of Child Pornography (Count 7). Each of the five production counts corresponded to a different minor victim, referred to anonymously herein as Minor Victim #. On November 17, 2022, Defendant entered into a plea agreement with the United States and pled guilty to Counts 1, 6, and 7. Doc. 25. On that date, the Court conducted a hearing pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) and confirmed that his guilty was a knowing and voluntary waiver of his rights and was supported by an adequate factual basis. *See* Minute Entry Dated 11/17/2022. On May 11, 2023, Defendant filed a motion to withdraw his guilty plea as to Count 1 only. Doc. 34.

The facts as established in the plea agreement are as follows. Doc. 25. Defendant placed an iPhone in the windowsill overlooking a tanning bed in a back room of his residence. Defendant invited at least eight minor girls in the area to use the tanning bed and surreptitiously

recorded video of them using the tanning bed on the cell phone. From this video, Defendant produced a number of still images, some of which were likely zoomed in or otherwise altered to focus on the lascivious aspects of the images. With respect to Count 1 of the indictment, the images show Minor Victim 1 when she was under sixteen years old, and some images included computer generated titles with a time stamp prior to Minor Victim 1 reaching the age of sixteen.

## Discussion

The Court may allow a defendant to withdraw a guilty plea prior to sentencing if he can show a "fair and just reason." Fed. R. Crim. P. 11(d)(2). Fair and just reasons for withdrawing a plea recognized by the Seventh Circuit include: that the plea was not made knowingly and voluntarily; actual innocence; and a legal innocence. *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). On a motion to withdraw a guilty plea, the Court can "permit the withdrawal of the plea, conduct an evidentiary hearing, or deny the motion with an explanation as to why the evidence is insufficient or incredible." *United States v. Rinaldi*, 461 F.3d 922, 927 (7th Cir. 2006).

Defendant's motion argues that he is legally innocent of Count 1 as he argues that the images he produced do not qualify as "sexually explicit conduct" as required for conviction under 18 U.S.C. §2251(a) and (e). Sexually explicit conduct includes "lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. 2256(2)(A).

Defendant argues that the images at issue in this case are similar to ones that the Fifth Circuit held did not depict sexually explicit conduct in *United States v. Steen*, 634 F.3d 822 (5th Cir. 2011). In *Steen*, the defendant placed a camera over the top of the walls of a tanning studio and surreptitiously recorded a 15 second video of a minor girl entering a tanning bed. *Steen*, 634 F.3d at 824. Most of the video displayed the girl's back and hair, and her pubic region was

2

visible on the right edge of the frame for only 1.5 seconds. *Id.* The Fifth Circuit evaluated the video using the six factors in *United States v. Dost.*, 636 F.Supp. 828 (S.D. Cal. 1986), *aff'd*, 813 F.2d 1231 (9th Cir. 1987) (unpublished).[1] The Fifth Circuit held that the video in *Steen* was not a lascivious exhibition of the minor's genitals. *Steen*, 634 F.3d at 828. The Court noted that the first three *Dost* factors were not met as the minor's genitals were only visible for 1.5 seconds and that the location of the videos, a tanning salon, was not a sexually suggestive setting and the minor's movements were not unnatural because she did not know she was being filmed. *Id.* For the sixth factor, the Fifth Circuit held that the mere voyeuristic recording of a nude minor was not enough to show the depiction was intended or designed to elicit a sexual response in the viewer. *Id.* at 828-29. In their holding on this factor, the Court recognized a difference between "the peeking of a voyeur upon an unaware subject pursuing activities unrelated to sex" and "a photographer select[ing] and position[ing] his subjects." *Id*. at 829.

Defendants case is readily distinguishable from *Steen*. Unlike the voyeurism in *Steen* who merely poked his camera over the walls of a tanning salon to record whomever was using the adjacent tanning bed, Defendant carefully and intentionally set up the circumstances which allowed him to record nude minors. He placed a phone set to record in a windowsill and the invited a slew of young girls to use his tanning bed. He specifically angled his phone so that it would look at the foot end of the tanning bed so that it would best be able to capture footage of

---

[1] The six factors set out in *Dost* for evaluating whether content depicts lasciviousness exhibition of the genitals and pubic area are:
1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
4) whether the child is fully or partially clothed, or nude;
5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. *Dost*, 636 F.Supp. at 832.
While a number of other circuits have expressly adopted the Dost factors, the Seventh Circuit has not explicitly done so and has discouraged their mechanical or routine use. *See U.S. v. Miller*, 829 F.3d 519, 527 n. 1 (7th Cir. 2016) (citing *U.S. v. Price*, 775 F.3d 828, 839-40 (7th Cir. 2014)).

the victims' genitalia. He took this footage from the phone and transferred it to a computer, where he edited out still images that best captured the minors' genitals. It is ultimately those still images which were the basis for Counts 1 through 5 in the indictment. These images by design focused heavily on the genitals of the minor victims, and some of them appear to be zoomed in specifically on the genitals. This is not the voyeuristic recording of mere nudity discussed in *Steen*[2], the images were clearly intended and designed by Defendant to elicit a sexual response in the viewer.

The Seventh Circuit has held that the "subjective intent- particularly that of the *creator*- is a relevant, and quite probative, consideration" in determining lasciviousness. *U.S. v. Miller*, 829 F.3d at 519, 525. The defendant in *Miller*, like the defendant in this case, took explicit steps to modify his home and entice girls to use his downstairs shower so that he could secretly record them doing so. *Id.* The Seventh Circuit held that this was sufficient evidence for the inference that "he was creating the videos because they sexually excite him." *Id.* The same can be said for the Defendant. He engaged in this scheme to get local girls to use his tanning bed so he could record them doing so, and subsequently edited the footage to produce images of their genitals for his sexual gratification. This is sufficient to be a lascivious exhibition of the genitals and pubic area under Seventh Circuit precedent.

**Conclusion**

The facts as alleged in Defendant's plea agreement are more than enough to establish that the images underlying Count 1 depicted a minor engaged in sexually explicit conduct in violation of 18 U.S.C. §2251(a). Defendant has thus failed to articulate a fair and just reason to withdraw

---

[2] Defendant also directs the Court to the D.C. Circuit's decision in *U.S. v. Hillie*, 39 F. 4th 674 (D.C. Cir. 2022) for the proposition that videos of minors engaging in ordinary activities rather than engaging in sexually explicit conduct or overt sexual activity are inadequate for a conviction under §2251(a). The Court finds *Hillie* distinguishable for essentially the same reasons as *Steen*.

4

his guilty plea as to Count 1 and his Motion (Doc. 34) to do so is DENIED. This matter remains set for sentencing on May 24, 2023.

Signed on this 15th day of May, 2023,

s/ James E. Shadid  
James E. Shadid  
United States District Judge